**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CR 218-14** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **EDRIN TEMPLE** | ) | |

<u>**GOVERNMENT'S OPPOSITION TO DEFENDANT**</u>
<u>**EDRIN TEMPLE'S MOTION FOR BOND**</u>

Now comes the United States of America, by and through Bobby L. Christine, United States Attorney for the Southern District of Georgia, and files the Government's Opposition to Defendant Edrin Temple's Motion for Bond (Doc. 410).

1.      On April 3, 2018, this Court entered a detention order with respect to Defendant Edrin Temple.  (Doc. 141.)  In that order, the Court concluded that Defendant's request for pretrial release is moot because Defendant is currently serving a state sentence and thus would remain in custody regardless of the Court's ruling on his motion for pretrial release.  The Court also noted that, in the event of a change in circumstances such that Defendant wants to invoke his right to a detention hearing under 18 U.S.C. § 3142, Defendant must notify the Court by filing an application for bond.

2.      On September 6, 2018, Defendant filed a motion for bond and requested a detention hearing under 18 U.S.C. § 3142.  (Doc. 410.)  Defendant contends that he has now completed his state sentence and asks the Court to grant him release pending trial.

3.     Defendant's motion for bond is meritless and should be denied.  As an initial matter, Defendant's motion remains moot.  The Government has conferred with the United States Probation Office, and has been informed that Defendant remains an active inmate and has not completed his state sentence.  As such, Defendant's request for pretrial release should be denied as moot.

4.     Defendant's motion for pretrial release also fails on the merits.  This case involves serious drug crimes under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, for which Defendant could be required to serve ten or more years in prison.  Accordingly, under the Bail Reform Act, 18 U.S.C. § 3142(e)(3)(A), there is a rebuttable presumption that no condition or combination of conditions of release will reasonably assure Defendant's appearance at court proceedings and the safety of the community.  Defendant cannot rebut this statutory presumption of pretrial detention.  In addition, the Government is prepared to establish at any detention hearing, should one ever be necessary, that there are no conditions or combination of conditions that will reasonably assure Defendant's appearance in this case and the safety of any other person and the community.

5.     For these reasons, the Government submits that Defendant's motion for bond should be denied.

Respectfully submitted,

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

*/s/ Matthew A. Josephson*
Matthew A. Josephson
Assistant United States Attorney

Georgia Bar No. 367216

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

Respectfully submitted,

**<u>/s/ Matthew A. Josephson</u>**
Matthew A. Josephson
Assistant United States Attorney
Georgia Bar No. 367216
Post Office Box 8970
Savannah, Georgia 31412
(912) 652-4422